BEFORE THE FIRST DIVISION, OCTOBER 9, 1946

**No. 51341.—**Protests 112155–K, etc., of Maurice Lobsitz (New York).

COLE, Judge: Merchandise described on one invoice as "20 bales White Wool Felts," and on the other as "5 bales Wool Felt Clips" were classified as wool rags and assessed with duty at 9 cents per pound under the specific provision for such merchandise in paragraph 1105 (a) and (b), as amended by the trade agreement with the United Kingdom, 74 Treas. Dec. 253, T. D. 49753. Claim is made that the goods are classifiable as "Waste, not specially provided for," and dutiable at 7½ percent ad valorem under paragraph 1555, Tariff Act of 1930, as amended by the said trade agreement. ·

Counsel argue, in their respective briefs, along similar lines. Each contends that the question presented is purely one of fact, i. e., whether or not the instant merchandise comes in competition with wool, the applicable legal principle being concededly the one announced in *Silverman* v. *United States*, 27 C. C. P. A. 324, C. A. D. 107, and *Silverman* v. *United States*, 32 C. C. P. A. 99, C. A. D. 292, that the wool wastes contemplated by said paragraph 1105 (a) and (b), as amended, *supra*, are only such wastes that affect the wool market or woolen industry in any · particular. The statutory construction was expressed in the conclusion "that Congress, in preparing the wool waste provision, was only concerned about wastes of wool which would influence and affect the sale and use of wool, and we think that a waste which happens to be composed of wool but which cannot, under any circumstances, replace or be competitive with wool, was not intended to be subjected to the high rate of duty of 24 cents per pound" (*Silverman* v. *United States*, 27 C. C. P. A. 324, C. A. D. 107).

The record herein consists of oral testimony of four witnesses—each side introduced two—and samples, including two of the instant merchandise (exhibits 1 and 2).

An examination of the samples discloses that they are pieces or strips of white wool felt, bearing definite indication that they are cuttings from a bolt or large sheet of material. Their appearance more accurately responds to the definition of a "remnant"—"the piece left after the last cutting, as of cloth"—(Funk & Wagnalls New Standard Dictionary) rather than a "rag," defined in the same lexicographic authority as "A fragment of cloth torn or partly torn from its original connection; especially, a worn, frayed, or torn bit of a garment; hence, figuratively, a fragment, small amount, or semblance of anything; as linen *rags*."

A member of the plaintiff partnership, dealers in all kinds of waste materials, converting and reclaiming them into fibers, testified that he purchased the material in question as "felt scrap," and identified exhibit 1 as "both woven and felted" and exhibit 2 "just felted and pressed." Plaintiff's other witness, also a dealer in waste materials including merchandise like that under consideration, described the goods in question as wool felt remaining from large sheets or rolls used in the manu-

facture of "gaskets, washers, and other types of utensils of felt." Defendant's witness, engaged in the rag business for 43 years, testifying from an inspection of the samples, stated that they "could be termed under the term 'rags'," but "they are really a felt clipping or felt cutting, or felt scrap."

From the oral testimony, coupled with our consideration of the samples, we find that the present merchandise is, in fact, wool waste and not wool rags, as classified by the collector. Thus, the issue before us is decided by the *Silverman* cases, *supra*.

The preponderance in weight of the evidence shows that the imported wool felt scrap is subjected to a chemical treatment and washing process, removing all adhesives and other undesirable substances, and softening the material prior to being processed through a shredder to make it available for its ultimate chief use as stuffing and batting material. It also has some use as roofing paper. The extremely short length of the fibers makes the material wholly unsuitable for spinning purposes and consequently does not compete with the woolen industry. These findings are not disturbed by defendant's statement to the effect that a percentage of the imported material might be used as a blend, for cheapening shoddy, where the fiber stock is not too short.

Following the *Silverman* cases, *supra*, we hold the present merchandise to be classifiable as waste, not specially provided for, and dutiable at 7½ percent ad valorem under paragraph 1555 as amended, *supra*, as alleged by plaintiff.

The protests are sustained and judgment will be rendered accordingly.